UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**KENNETH McLAUGHLIN, JR., et al**  **MISCELLANEOUS ACTION**

**VERSUS**  **NO: 10-3355-LMA-SS**

**AMERICAN FIDELITY ASSURANCE COMPANY, et al**

**ORDER**

AMERICAN FIDELITY'S MOTION TO QUASH (Rec. doc. 1)

**DENIED WITHOUT PREJUDICE**

On July 10, 2008 in Darcy Guidry, et al v. American Public Life Insurance Company, et al, No. 2008-3465, 14th J.D.C., Parish of Calcasieu, State of Louisiana, there was a settlement agreement of the putative class action. The plaintiffs sought certification of the class of persons within the United States, other than persons whose policies were issued to them when they resided in Oklahoma, who purchased supplemental cancer insurance policies having one or more actual charge benefits. Rec. doc. 1 (Exhibit 2). On October 23, 2009, Kenneth McLaughlin, Jr. and Myra McLaughlin filed a class action complaint against American Fidelity Assurance Company ("AFA") and American Public Life Insurance ("APL") in the Western District of Oklahoma.[1] The McLaughlin plaintiffs alleged that the Guidry suit was collusive. Rec. doc. 1 (Exhibit 1).

On August 5, 2010, Chief Judge LaGrange of the Western District of Oklahoma ruled that the McLaughlin plaintiffs were entitled to a continuance of the defendants' motion for summary

---

[1] Kenneth McLaughlin, Jr., et al v. American Fidelity Assurance Company, et al, CIV-09-1163-L.

judgment to permit discovery pursuant to Fed. R. Civ. P. 56(f)(2).  The Court stated that "such discovery should be limited to the issue of whether the representation was adequate after the termination of the lawsuit."  Rec. doc. 1 (Exhibit 5 at 4).  The Court placed limitations on the discovery process and identified the specific topics for inquiry.  For example, the third topic is "the manner and method of how the special master determined who the eligible claimants were for purposes of the class settlement. . . ."  Id.

The McLaughlin plaintiffs caused the Eastern District of Louisiana to issue subpoenas to Stephenson, Matthews, Chavarri & Lambert in New Orleans and Bourgeois Bennett LLC in Metairie.  Rec. doc. 1 (Exhibits 6 and 7).  The Stephenson firm is counsel for AFA.  Bourgeois Bennett was the disbursing agent in Guidry.  The McLaughlin plaintiffs contend that it assisted the Special Master in developing a model to allocate and distribute the settlement funds among eligible class members.

On October 4, 2010, AFA filed a motion to quash the subpoenas, for a protective order and for attorneys' fees.  Rec. doc. 1.  It contends that: (1) pursuant to Rule 45, the dispute over the subpoenas must be resolved by this court; (2) it has standing to object to the non-party subpoenas; (3) the subpoenas seek documents which are not relevant and are beyond the scope of Judge LaGrange's August 5, 2010 order; and (4) the information can be obtained from the Guidry record.  The McLaughlin plaintiffs respond that: (1) only the Court in Oklahoma has the authority to issue a protective order governing and controlling discovery; (2) AFA has no standing to object to the subpoenas; (3) it seeks a ruling on the merits of its affirmative defense; and (4) the motion to quash should be transferred to Oklahoma.

Fed. R. Civ. P. 45(c)(2)(B) permits the person commanded to produce documents to serve

a written objection to the subpoena.  Neither the Stephenson firm nor Bourgeois Bennett objected to the subpoenas.  Pursuant to Rule 45(c)(3), there are circumstances when the issuing court must quash or modify the subpoena and others when it is permitted do so.  The issuing court may quash or modify a subpoena when it requires: (1) disclosure of a trade secret; (2) disclosure of an unretained expert's opinion in certain circumstances; and (3) when a person who is not a party is required to incur substantial expense to travel more than 100 miles to attend the proceeding. Fed. R. Civ. P. 45(c)(3)(B).  None of these issues are present in AFA's motion to quash.  The issuing court must quash or modify a subpoena that:  (1) fails to allow a reasonable time to comply; (2) requires a person who is not a party to travel more than 100 miles from where that person resides; (3) requires disclosure of privileged matter; or (4) subjects a person to undue burden.  The last element raises the question of the reasonableness of the subpoena.  This determination requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.  The court is required to consider whether the information is necessary and whether it is available from any other source.  9A Wright and Miller, Federal Practice and Procedure §2463.1 at 501-06 (2008) ("Wright and Miller").

> A motion to quash, or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested. Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.

Wright and Miller at 487-88 (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)).

AFA must demonstrate that it has a personal right or privilege regarding the subject matter of the subpoena.  Assuming it does, the subpoena must be modified or quashed if it requires disclosure of privileged matter or subjects the Stephenson firm or Bourgeois Bennett to undue

burden. AFA contends that the subpoena to the Stephenson firm calls for production of items that are protected from disclosure by the attorney-client privilege. Rec. doc. 1 at 14. It argues that the information sought in both subpoenas can be obtained from the Guidry record. Id. at 13. The McLaughlin plaintiffs respond that: (1) the subpoena to the Stephenson firm does not request the production of AFA's confidential attorney-client communications; and (2) there is no privilege for the documents sought from Bourgeois Bennett. They do not address the issue of whether the documents sought can be obtained from the Guidry court record.

AFA contends that only category nos. 10-18, 20-27 and 30 of the Stephenson firm subpoena are outside the scope of the August 5, 2010 order. Category nos. 10-15, 26 and 27 do not seek attorney-client communications. Category nos. 18, 20-25 and 30 may seek attorney-client communications. For example, category no. 20 seeks communications exchanged between the Stephenson firm and any person other than the released parties regarding Kimberly Goynes. The subpoena does not define "person" to exclude AFA. There may be communications between the Stephenson firm and AFA regarding Kimberly Goynes which are protected from disclosure. AFA has not presented a privilege log or other evidence demonstrating that the subpoena seeks documents which are protected from disclosure. The subpoena to Bourgeois Bennett does not require production of documents protected by the attorney-client privilege. All of the information sought by the subpoenas cannot be obtained from the Guidry record as many of the categories in the subpoenas seek communications between the Stephenson firm or Bourgeois Bennett and others. AFA has not demonstrated standing to assert a motion to quash.

AFA contends that: (1) the McLaughlin plaintiffs, as residents of Oklahoma, were excluded from the Guidry settlement; (2) accordingly, they have no standing to collaterally attack the Guidry

settlement; and (3) therefore the information sought is not relevant.  Rec. doc. 1 at 7-8.  It also contends that certain categories in the two subpoenas are outside the scope of the August 5, 2010 order.  It urges that any documents that contain the thoughts or discussions of any person involved in the decision-making regarding the method or manner of the final allocation and payments to class members or the special master are outside the scope of the August 5, 2010 order.  Rec. doc. 1 at 8-12.  AFA is a party to the proceeding in Oklahoma and is able to seek a protective order on these issues in Oklahoma.

AFA's motion to quash and/or modify the subpoena will be denied without prejudice to seek a protective order in Oklahoma on those categories in the two subpoenas which it contends are not relevant or beyond the scope of the August 5, 2010 order.  The time permitted for Bourgeois Bennett and the Stephenson firm to respond to the subpoenas will be extended to permit AFA to file such motions.  The time permitted for the Stephenson firm to object to the subpoena on the ground that it calls for production of documents protected by the attorney-client privilege will be extended.  If it objects, the Stephenson firm shall file a privilege log with the objection and produce the documents for *in camera* inspection.

IT IS ORDERED that:

1. AFA's motion to quash subpoena duces tecum and/or for protective order and for attorneys' fees and costs (Rec. doc. 1) is DENIED WITHOUT PREJUDICE.

2. If, **within seven (7) working days of the entry of this order,** AFA files a motion for a protective order in the Western District of Oklahoma and a motion for a stay of the deadline for the Stephenson firm and Bourgeois Bennett to respond to the subpoenas, their deadline is extended until the resolution of the motion for stay.

3. If AFA does not file a motion for a protective order and a stay in Oklahoma, **the deadline for the Stephenson firm to object to the subpoena is extended for ten(10) working days from the entry of this order**. If it objects to producing any documents on the ground that they are protected from disclosure by the attorney-client privilege, it shall file: (a) a privilege log for the documents; and (b) a memorandum on the basis of the privilege. Within the same deadline, the Stephenson firm shall submit the documents for *in camera* inspection.

New Orleans, Louisiana, this 20th day of October, 2010.

                      **SALLY SHUSHAN**
                      **United States Magistrate Judge**